IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-MJ-1842

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| WAYNEMON DEMOUNT BULLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, defendant's sister, and submitted the criminal record of a witness to the events in question (*i.e.*, the man whom defendant drove to the store where the alleged assault occurred). The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

## Background

Defendant was charged by criminal complaint on 11 October 2012 with engaging in an assault on 5 October 2012 and thereby causing bodily harm with the intent to retaliate against a person for attendance and testimony given by a witness in violation of 18 U.S.C. § 1513(b)(1). The evidence presented at the hearing showed that the charges arise from an assault by defendant and another man, Ron Hargrove, on a confidential informant at a convenience store who had assisted in the federal prosecution and eventual conviction of Hargrove's cousin. Defendant admitted to striking the confidential informant one time. Hargrove also implicated defendant in the assault.

Evidence that defendant intended his participation in the assault to be in retaliation for the confidential informant's assistance to the government includes statements by defendant prior to the assault to a man defendant had driven to the store suggestive of such intent, the confidential informant's statement that his assailants called him a "snitch" during the assault, Hargrove's statement to the effect that he and defendant called the confidential informant a "snitch" during the assault, and the general knowledge in the community that the confidential informant was believed to have assisted the government.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offense charged; the circumstances of the offense charged, including its commission within 3 weeks after defendant's release from a term of imprisonment exceeding 18 months for a probation violation; defendant's criminal record, including 2 felony convictions, 15 misdemeanor convictions, 3 probation

2
Case 5:12-mj-01842-WC   Document 12   Filed 10/24/12   Page 2 of 3

revocations, commission of at least 4 offenses while on probation, and 3 failures to appear; the danger of continued violent offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's lack of qualification for the position (*e.g.*, inconsistency in her testimony, forgiving attitude toward defendant's participation in the assault, readiness to believe defendant's statements to her), the presence of 3 minor children in the proposed custodial home, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of October 2012.

_____
James E. Gates
United States Magistrate Judge